UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAURENTHIA BOSWELL, ) | |
| ) | |
| Plaintiffs, ) | No. 13 C 700 |
| ) | |
| vs. ) | Judge Jon E. DeGuilio |
| ) | Magistrate Judge Christopher A. |
| JEFFREY CHESTER, and ) | Nuechterlein |
| CITY OF SOUTH BEND, INDIANA ) | |
| ) | Jury Demand |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Indiana.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claim is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff LAURENTHIA BOSWELL is a resident of South Bend, Indiana.

5. At all times relevant to this complaint, Defendant-Officer JEFFREY CHESTER was a duly appointed and sworn South Bend police officer. At all times relevant to this Complaint, CHESTER was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6. Defendant CITY OF SOUTH BEND, INDIANA is a municipal corporation, duly incorporated under the laws of the State of Indiana, and at all times relevant to the Complaint, was the employer and principal of Defendant-Officer CHESTER.

7. CHESTER is sued in his individual capacity.

1

**Facts**

8. On or about September 1, 2011, at around 3:00 a.m., Plaintiff was sitting in a parked car with her friend Bryan Gonzales, in a parking lot at Potowatomi Zoo in South Bend.

9. At that time, CHESTER approached the car on foot.

10. CHESTER was on duty and wearing his South Bend police department uniform and badge.

11. CHESTER knocked on a car window with his flashlight.

12. CHESTER told Bryan to get out of the car.

13. Bryan complied.

14. Plaintiff and Bryan were not violating any laws.

15. CHESTER took Bryan to his squad car, which was parked about a block away.

16. CHESTER placed Bryan in the back of the squad car.

17. CHESTER then returned to the car where Plaintiff was sitting alone.

18. CHESTER questioned Plaintiff about her relationship with Bryan, asking her if they were "friends with benefits."

19. Plaintiff responded that she and Bryan were just friends.

20. CHESTER asked Plaintiff if she wanted another friend.

21. CHESTER asked Plaintiff if there was anything illegal in the car.

22. Plaintiff said no.

23. CHESTER shined his flashlight on the interior of the car.

24. CHESTER then said that he needed to search Plaintiff.

25. Plaintiff asked if that was necessary.

26. CHESTER proceeded to search Plaintiff.

27. CHESTER grouped Plaintiff's buttocks with his hands.

28. Plaintiff was shocked and turned around.

29. CHESTER grabbed Plaintiff's dress and pulled it all the way up.

30. CHESTER stated that Plaintiff was "sexy."

31. Plaintiff was shocked and upset by this violation.

32. CHESTER told Plaintiff that he could have her friend Bryan arrested.

33. CHESTER then told Plaintiff to sit down in the passenger seat of the car with her legs out of the vehicle.

34. Plaintiff complied.

35. CHESTER said that he wouldn't make Plaintiff do anything "too crazy."

36. CHESTER shined his flashlight up and down Plaintiff's body.

37. CHESTER gestured for Plaintiff to open her legs.

38. Plaintiff refused.

39. Plaintiff told CHESTER he could arrest Bryan if he wants to, but she was not going to do anything for the officer.

40. CHESTER finally left Plaintiff.

41. Plaintiff was crying and felt violated.

42. The next day, Plaintiff reported the incident to the internal affairs office of the South Bend police department.

43. CHESTER was arrested and charged with official misconduct and battery to Plaintiff.

44. CHESTER was also charged for similar misconduct involving another woman.

45. As a direct and proximate result of the acts of the Defendants described above, Plaintiffs suffered damages including loss of liberty, loss of time, and emotional distress.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

46. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

47. When CHESTER approached the vehicle, Plaintiff was seized and not free to leave.

48. CHESTER did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff had committed a crime or was about to commit a crime.

49. CHESTER did not have any other legal justification to seize Plaintiff.

50. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against CHESTER,

b) Award Plaintiff compensatory and punitive damages,

    c)       Award attorneys' fees and costs, and

    d)       Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Unreasonable Search of Person)

51.    Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

52.    Searching Plaintiff's person without probable cause or any other legal justification violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)       Enter judgment against Defendant-Officer CHESTER,

    b)       Award Plaintiff compensatory and punitive damages,

    c)       Award attorneys' fees and costs, and

    d)       Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Indemnification)

53.    Indiana law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

54.    Defendant-Officer CHESTER was an employee of the CITY OF SOUTH BEND, INDIANA, and acted within the scope of his employment in committing the misconduct described throughout this Complaint.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF SOUTH BEND, INDIANA to indemnify Defendant-Officer CHESTER for any judgment for compensatory damages, costs, and attorneys' fees, along with punitive damages against Defendant-Officer CHESTER in his individual capacity, as well as any other relief this Court deems just and appropriate.

**Jury Trial Demanded**

Respectfully submitted,


<u>/s/ Sara Garber</u>
*Counsel for Plaintiff*

Sara Garber
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595