UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAURENTHIA BOSWELL,<br>        Plaintiff, | )<br>) Cause No.: 3:13- CV-700<br>) |
| vs. | ) Judge Jon E. DuGuilio<br>) Magistrate Judge Christopher A. Nuechterlein |
| JEFFREY CHESTER, and<br>CITY OF SOUTH BEND, INDIANA<br>        Defendants. | )<br>) Jury Demand |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants Jeffrey Chester and the City of South Bend, Indiana, by counsel, answer Plaintiff's First Amended Complaint as follows:

### Nature of Case

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Indiana.

**Answer: The allegations of Paragraph #1 constitute a legal characterization which Defendants can neither admit nor deny.**

2. Jurisdiction for Plaintiff's federal claim is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claim is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**Answer: The allegations of Paragraph # 2 constitute a legal characterization which Defendants can neither admit nor deny, but Defendants deny that supplemental jurisdiction exists.**

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Answer:   Defendants admit that venue is proper as to Plaintiff's federal claims as alleged in Paragraph #3.**

## Parties

4.    Plaintiff LAURENTHIA BOSWELL is a resident of South Bend, Indiana.

**Answer:   Defendants lack information to form a belief about the truth of the allegation in Paragraph #4.**

5.    At all times relevant to this complaint, Defendant-Officer JEFFREY CHESTER was a duly appointed and sworn South Bend police officer. At all times relevant to this complaint, CHESTER was acting in the course and scope of his employment, and under color of state law, ordinance and /or regulation.

**Answer:   Defendants admit that at the times relevant to this complaint Jeffrey Chester was an appointed and sworn South Bend police officer. If Defendant Chester performed the acts alleged in the complaint (which Defendants deny), Defendants deny that such acts were performed in the course and scope of his employment and under color of state law, ordinance and/or regulation as alleged in Paragraph No. 5.**

6.    Defendant CITY OF SOUTH BEND, INDIANA is a municipal corporation, duly incorporated under the laws of the State of Indiana, and at all times relevant to the Complaint, was the employer and principal of Defendant-Officer CHESTER.

**Answer: Defendants admit the allegations of South Bend's municipal corporate status, but if Defendant Chester is found to be liable to Plaintiff, then the City was not his employer or principal for purposes of any acts committed by Defendant Chester which resulted in such liability.**

7.    CHESTER is sued in his individual capacity.

**Answer:** The allegation of paragraph 7 is a legal conclusion which Defendants can neither admit nor deny.

### Facts

8. On or about September 1, 2011, at around 3:00 a.m., Plaintiff was sitting in a parked car with her friend Bryan Gonzales, in a parking lot at Potowatomi Zoo in South Bend.

**Answer:** Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 8.

9. At the time, CHESTER approached the car on foot.

**Answer:** The allegations of paragraph 9 are denied.

10. CHESTER was on duty and wearing his South Bend police department uniform and badge.

**Answer:** CHESTER admits he was on duty and in police uniform at 3:00 a.m. on or about September 1, 2011.

11. CHESTER knocked on a car window with his flashlight.

**Answer:** The allegations of paragraph 11 are denied.

12. CHESTER told Bryan to get out of the car.

**Answer:** The allegations of paragraph 12 are denied.

13. Bryan complied.

**Answer:** The allegation of paragraph 13 is denied.

14. Plaintiff and Bryan were not violating any laws.

**Answer:** The allegations of paragraph 14 are denied.

15. CHESTER took Bryan to his squad car, which was parked about a block away.

**Answer:** The allegations of paragraph 15 are denied.

16. CHESTER placed Bryan in the back of the squad car.

**Answer: The allegations of paragraph 16 are denied.**

17. CHESTER then returned to the car where Plaintiff was sitting alone.

**Answer: The allegations of paragraph 17 are denied.**

18. CHESTER questioned Plaintiff about her relationship with Bryan, asking her if they were "friends with benefits."

**Answer: The allegations of paragraph 18 are denied.**

19. Plaintiff responded that she and Bryan were just friends.

**Answer: The allegations of paragraph 19 are denied.**

20. CHESTER asked Plaintiff if she wanted another friend.

**Answer: The allegations of paragraph 20 are denied.**

21. CHESTER asked Plaintiff if there was anything illegal in the car.

**Answer: The allegations of paragraph 21 are denied.**

22. Plaintiff said no.

**Answer: The allegations of paragraph 22 are denied.**

23. CHESTER shined his flashlight on the interior of the car.

**Answer: The allegations of paragraph 23 are denied.**

24. CHESTER then said that he needed to search Plaintiff.

**Answer: The allegations of paragraph 24 are denied.**

25. Plaintiff asked if that was necessary.

**Answer: The allegations of paragraph 25 are denied.**

26. CHESTER proceeded to search Plaintiff.

**Answer: The allegations of paragraph 26 are denied.**

27. CHESTER grouped Plaintiff's buttocks with his hands.

**Answer:** The allegations of paragraph 27 are denied.

28. Plaintiff was shocked and turned around.

**Answer: The allegations of paragraph 28 are denied.**

29. CHESTER grabbed Plaintiff's dress and pulled it all the way up.

**Answer: The allegations of paragraph 29 are denied.**

30. CHESTER stated that Plaintiff was "sexy."

**Answer: The allegations of paragraph 30 are denied.**

31. Plaintiff was shocked and upset by this violation.

**Answer: The allegations of paragraph 31 are denied.**

32. CHESTER told Plaintiff that he could have her friend Bryan arrested.

**Answer: The allegations of paragraph 32 are denied.**

33. CHESTER then told Plaintiff to sit down in the passenger seat of the car with her legs out of the vehicle.

**Answer: The allegations of paragraph 33 are denied.**

34. Plaintiff complied.

**Answer: The allegations of paragraph 34 are denied.**

35. CHESTER said that he wouldn't make Plaintiff do anything "too crazy."

**Answer: The allegations of paragraph 35 are denied.**

36. CHESTER shined his flashlight up and down Plaintiff's body.

**Answer: The allegations of paragraph 36 are denied.**

37. CHESTER gestured for Plaintiff to open her legs.

**Answer: The allegation of paragraph 37 is denied.**

38. Plaintiff refused.

**Answer: The allegation of paragraph 38 is denied because it is implicit in the denial of paragraph 37.**

39. Plaintiff told CHESTER he could arrest Bryan if he wants to, but she was not going to do anything for the officer.

**Answer: The allegations of paragraph 39 are denied.**

40. CHESTER finally left Plaintiff.

**Answer: Chester was not in the presence of Plaintiff and this allegation is therefore denied.**

41. Plaintiff was crying and felt violated.

**Answer: This allegation is denied.**

42. The next day, Plaintiff reported the incident to the internal affairs office of the South Bend police department.

**Answer: It is admitted that Plaintiff reported an incident as she described it in the previous allegations.**

43. CHESTER was arrested and charged with official misconduct and battery to Plaintiff.

**Answer: The allegations of paragraph 43 are admitted.**

44. CHESTER was also charged for similar misconduct involving another woman.

**Answer: The allegations of paragraph 44 are admitted.**

45. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of liberty, loss of time, and emotional distress.

**Answer: The allegations of paragraph 45 are denied.**

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

46. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

**Answer: Defendants reallege their answers to paragraphs 1 through 45 of the Complaint as if fully set forth herein.**

47. When CHESTER approached the vehicle, Plaintiff was seized and not free to leave.

**Answer: The allegations of Paragraph 47 are denied.**

48. CHESTER did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff had committed a crime or was about to commit a crime.

**Answer: The allegations of Paragraph 48 are denied.**

49. CHESTER did not have any other legal justification to seize Plaintiff.

**Answer: The allegations of Paragraph 49 are denied.**

50. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**Answer: The allegations of Paragraph 50 are denied.**

WHEREFORE, Defendants request that Plaintiff take nothing under Count I of the Complaint, for costs and all other proper relief.

## COUNT II
### (42 U.S.C. § 1983 – Unreasonable Search of Person)

51. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

**Answer: Defendants reallege their answers to paragraphs 1 through 45 as if fully set forth herein.**

52. Searching Plaintiff's person without probable cause or any other legal justification violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

**Answer: Defendants deny that plaintiff's Fourth and/or Fourteenth Amendment rights were violated as alleged in Paragraph 52.**

WHEREFORE, Defendants request that Plaintiff take nothing under Count II of the Complaint, for costs, and all other proper relief.

## COUNT III
### (State Law Indemnification)

53. Indiana law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**Answer: The allegations of Paragraph 53 constitute a legal characterization which is not amenable to admission or denial, but Defendants deny that the City of South Bend is liable to plaintiff in this matter.**

54. Defendant-Officer CHESTER was an employee of the CITY OF SOUTH BEND, INDIANA, and acted within the scope of his employment in committing the misconduct described throughout this Complaint.

**Answer: It is denied that then Officer Chester committed misconduct, but if he did so, such acts were not within the scope of his employment with the City of South Bend.**

WHEREFORE, Defendants request the Court enter judgment against Plaintiff, and in favor of Defendants, for costs, and all other just and proper relief.

## AFFIRMATIVE DEFENSES

Defendants for their affirmative defenses allege the following:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to comply with Ind. Code Section 34-13-3-1 and therefore any state law claims against Defendants are barred.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plantiff's claims are barred by res judicata or collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Defendant City of South Bend is immune from liability pursuant to IC 34-13-3-1.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff was in violation of the South Bend Municipal Code Chapter 19, Article 3, Section 19-69 which prohibits parking a vehicle in a City park between the hours of 2:00 a.m. and 6:00 a.m., and Section 19-75 which prohibits a person from being in any City park after 11:00 p.m.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants expressly reserve all rights they may have to raise additional affirmative defenses that may be discovered through the course of this litigation.

WHEREFORE, Defendants request that Plaintiff take nothing by her Complaint, for costs, and for all other proper relief.

s/ Jeffery Sanford
Jeffery Sanford Atty. No. 14111-71
City Attorney
227 W. Jefferson, Ste. 1200
South Bend, IN 46601
574-235-9241
Attorney for Defendant City of South Bend, Indiana

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF Filing System which sent notification of such filing to the following:

<u>s/Aladean M. DeRose</u>
Aladean M. DeRose

Respectfully submitted,

<u>s/Aladean M. DeRose</u>
Counsel for Defendants